**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

---

**WISCONSIN GLAZIERS & GLASS WORKERS MONEY PURCHASE PLAN, PAINTERS LOCAL 781 HEALTH FUND, WISCONSIN GLAZIERS & GLASS WORKERS APPRENTICESHIP FUND and JEFF MEHRHOFF (in his capacity as Trustee),**

**Plaintiffs,**

**v.** **Case No. 26-cv-1706**

**THE LURIE COMPANIES, INC.**

**Defendant.**

---

**COMPLAINT**

---

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., and as and for a cause of action against the Defendant, allege and show to the Court the following:

**Jurisdiction and Venue**

1. Jurisdiction of this Court upon The Lurie Companies, Inc. (hereinafter the "Company") is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132) and section 301(a) of the Labor Management Relations Act of 1947 ("LMRA") as amended (29 U.S.C. § 185(a)), in that the Plaintiffs are aggrieved by the Defendants' violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendants' continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act

("MPPAA") the terms of the employee benefit plans, section 301 of the LMRA, and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that the Company is engaged in business with principal offices located in Milwaukee County, Wisconsin.

**Parties**

3. Plaintiffs Wisconsin Glaziers & Glass Workers Money Purchase Plan and Wisconsin Glaziers & Glass Workers Apprenticeship Fund are employee benefit plans within the meaning of ERISA §§ 3(2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(2), (3) and (37), 1132 and 1145), and bring this action on behalf of the trustees, participants and beneficiaries of said Plans. Said Plans maintain offices at 11270 West Park Place, Suite 950, Milwaukee, Wisconsin 53224.

4. Plaintiff Painters Local 781 Health Fund is an employee benefit plan within the meaning of ERISA §§ 3(1), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (3), (37), 1132, and 1145), and brings this action on behalf of the trustees, participants, and beneficiaries of said Plan. Said Plan maintains an office at S68 W22665 National Avenue, Big Bend, Wisconsin 53103.

5. Plaintiff Jeff Mehrhoff is a trustee and a fiduciary of the Painters Local 781 Health Fund, as well as a participant and beneficiary within the meaning of ERISA (29 U.S.C. § 1002, et seq.), and as such has standing to be a plaintiff in this action and to seek the remedies prayed for. Mr. Mehrhoff maintains an office at S68 W22665 National Avenue, Big Bend, Wisconsin 53103.

6. The Company is a domestic corporation, organized under the laws of the State of Wisconsin, engaged in business with principal offices located at 5656 West Clinton Avenue, Milwaukee, Wisconsin 53223. Its registered agent for service of process is Marc S. Lurie, 5656 West Clinton Avenue, Milwaukee, Wisconsin 53223.

## Facts

7. The Company is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

8. For all times relevant, the Company was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between itself and Painters and Allied Trades, District Council No. 7, AFL-CIO (hereinafter "Union").

9. The Union represents, for purposes of collective bargaining, certain of the Company's employees and employees of other employers in industries affecting interstate commerce within the meaning of LMRA §§ 2(5), 9(a) and 301(a) (29 U.S.C. § 151, et seq.).

10. The Labor Agreements described herein contain provisions whereby the Company agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreements.

11. By execution of said Labor Agreements, the Company adopted the trust agreements and amendments thereof which establish and govern the Plaintiffs and are

necessary for their administration, and designated as their representatives on the Board of Trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

12. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, the Company has agreed as follows:

A. to file monthly reports and make timely and prompt contributions to the Plaintiffs for each employee covered by the aforementioned Labor Agreements;

B. to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

C. to adopt and abide by all of the rules and regulations adopted by the trustees of the employee benefit plans pursuant to the trust agreements;

D. to adopt and abide by all of the actions of the trustees in administering the employee benefit plans in accordance with the trust agreements and the rules so adopted;

E. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

F. to pay, in addition to delinquent contributions, interest and liquidated damages, actual attorney's fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

13. The Company has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

A. failing to make continuing and prompt payments to the Plaintiffs as required by the Labor Agreements and trust agreements for all of the Company's covered employees; and

B. failing to accurately report employee work status to the Plaintiffs.

14. ERISA § 502(g) (2), as amended by the MPPAA, provides:

> (2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of --
>
> (i) interest on the unpaid contributions, or
>
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal of State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of this action, to be paid by the Defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

15. ERISA § 515 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

16. By failing to remit contributions to Plaintiff Funds by the fifteenth day of the month following the one during which the work was performed, the Company owes to Plaintiffs interest of 1.5% per month and liquidated damages of 20% on all untimely remitted contributions.

17. The Company owes the Plaintiffs the following:

<u>Audited Periods: April 1, 2022 – March 31, 2024</u>:

| | |
|---|---|
| Wisconsin Glaziers & Glass Workers Money Purchase Plan | $3,759.91 |

<u>Unaudited Period: April 1, 2024 to present</u>:

| | |
|---|---|
| Wisconsin Glaziers & Glass Workers Money Purchase Plan | Unknown |
| Painters Local 781 Health Fund | Unknown |
| Wisconsin Glaziers & Glass Workers Apprenticeship Fund | Unknown |

**<u>Claim One - Against Defendant The Lurie Companies, Inc.</u>**
**<u>Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)</u>**

18. As and for a first claim for relief against the Company, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 17 above and incorporate the same as though fully set forth herein word for word.

19 For purposes of this claim, Plaintiffs Wisconsin Glaziers & Glass Workers Money Purchase Plan, Painters Local 781 Health Fund and Wisconsin Glaziers & Glass Workers Apprenticeship Fund, each collectively will be referred to as the "Funds."

20. The Company has failed to remit to the Funds all contributions required by the Labor Agreement and Trust Agreements, in violation of 29 U.S.C. §1145.

21. Therefore, on all contributions that remain unpaid from April 1, 2022 to the present, the Funds are entitled to recover from the Company all owed contributions; as well as their reasonable value attorneys' fees of collection, interest at 1.5% per month, and liquidated damages of 20% on all owed contributions pursuant to 29 U.S.C. §1132(g), the CBA, and the Funds' Trust Agreements.

22. Moreover, for those work months where contributions were paid, but received late, the Funds are entitled late paid interest and liquidated damages pursuant to the terms of the collective bargaining agreements and trust agreements for the period April 1, 2022, to the present.

**WHEREFORE**, the Funds demand the following relief:

1. Judgment on behalf of the Funds and against the Company:

   A. For unpaid contributions, interest, and liquidated damages owed to the Plaintiff Funds for the period April 1, 2022 to the present;

   B. Reasonable attorney fees and the costs of this action.

2. For such other, further, or different relief as the Court deems just and proper.

Dated this 18th day of September, 2026.

/s/ Christopher J. Ahrens__________

Christopher J. Ahrens (SBN: 1043237)
The Previant Law Firm, S.C.
310 West Wisconsin Avenue, Suite 100 MW
Milwaukee, WI 53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: cja@previant.com

Attorneys for Plaintiffs